Edward M. KENNEDY, Plaintiff,

v.

Thomas M. JONES and Arthur F. Sampson, Defendants.

Civ. A. No. 74-194.

United States District Court, District of Columbia.

Jan. 19, 1976.

Order Filed April 21, 1976.

Edward M. Kennedy, pro se.

Rex E. Lee, Earl J. Silbert, Stuart E. Schiffer, Attys., Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

The above entitled matter is presently before the Court on defendants' Motion To Dismiss and plaintiff's opposition in response thereto.

Plaintiff is a United States Senator from the Commonwealth of Massachusetts. Defendant Jones is the Chief of White House Records and defendant Sampson is the Administrator of the General Services Administration.

In this action plaintiff is seeking this Court to declare that two bills passed by Congress, H.R. 10511 and H.R. 14225, became validly enacted laws of the United States in accordance with Article I, Section 7, Clause 2 of the Constitution, and requests that this Court order defendants to publish these bills as laws pursuant to 1 U.S.C. §§ 106a, 112 and 113.

Defendants have moved to dismiss this case, arguing that plaintiff lacks standing to bring this action and that the controversy is moot since Congress has subsequently passed, and the President has signed into law, legislation identical to the bills in question here.

I.

The first bill in dispute, H.R. 10511, is an amendment to the Urban Mass Transportation Act of 1964. It was passed ·by the Congress and presented to the President on December 22, 1973, the day that Congress adjourned the first session of the 93rd Congress *sine die.* On January 4, 1974, the President issued a memorandum of disapproval announcing that he would withhold his signature from the bill. He did not return the bill to Congress. Rather, the President took the position that it had been effectively "pocket vetoed" under the provisions of Article I of the Constitution. Relying upon this position, defendants did not, and have not as yet, published the bill as a law of the United States contending that it was properly vetoed.

On January 29, 1974, plaintiff filed this suit claiming that the President's attempt to "pocket veto" a bill during a *sine die* adjournment of Congress was improper; that the President's failure to either sign or return the bill to Congress within ten days caused the bill to automatically become law; and that, since the bill automatically became law, defendants had a nondiscretionary ministerial duty to publish the bill as a law of the United States.

Seven months later, in August of 1974, Congress passed S. 3066 which contained provisions essentially identical to the provisions of H.R. 10511, and which the President signed into law on August 22, 1974. Defendants published S. 3066 as a law of the United States, Public Law 93–383, 88 Stat. 633.

## II.

The second bill at issue is H.R. 14225, an aid-to-the-handicapped bill which was passed by Congress on October 16, 1974. At the conclusion of the following day, October 17, 1974, the day on which the bill was presented to the President, Congress adjourned for thirty-one days for Congressional elections, authorizing the Clerk of the House of Representatives to receive messages from the President during that period. On October 29, 1974, the President returned the bill with objections, stating that the withholding of his signature prevented the bill from becoming law, once again relying upon the "pocket veto" provision of the Constitution.

On November 20, 1974, apparently in disregard of the President's attempted "pocket veto," Congress voted to override the veto of H.R. 14225. Plaintiff was one of those voting to override the veto. Defendants Jones and Sampson, relying upon the President's position did not publish H.R. 14225 as a law of the United States.

Congress passed H.R. 17503, which contained provisions essentially identical to those of H.R. 14225, on November 26, 1974. The President signed this new bill into law on December 7, 1974, and it was published by the defendants as Public Law 93–516, 88 Stat. 1617.

Plaintiff amended his original complaint in this case on March 24, 1975 to include H.R. 14225, alleging that both bills that the President attempted to "pocket veto" should have been published by defendants as laws of the United States.

## III.

Defendants contend that this case should be dismissed because the plaintiff lacks standing to bring this action. This argument of the defendants is entirely without merit. The United States Court of Appeals for the District of Columbia Circuit has already squarely addressed this issue. Having before it the same plaintiff and one of the defendants now before this Court, and dealing with the question of whether the plaintiff had standing to bring this same type of suit against the defendant, the Court of Appeals, in *Kennedy v. Sampson*, 511 F.2d 430 (1974), stated:

> We agree with the district court that appellee has standing to maintain this suit in his capacity as an individual United States Senator who voted in favor of S. 3418. This conclusion follows from any of the traditional methods of evaluating the standing of a party to sue. (Id. at 433).

Since plaintiff, in the instant case, voted in favor of both H.R. 10511 and H.R. 14225, it is the opinion of the Court, in accord with *Kennedy v. Sampson, supra,* that the plaintiff has standing to maintain this suit.

## IV.

Defendants also contend that this action should be dismissed since subsequent action by Congress in passing, and the President signing into law, legislation substantially the same as the two bills at issue here renders the plaintiff's claims moot.

In order to evaluate this argument it is necessary to review the claims made by the plaintiff.

Simply stated, the plaintiff alleges that his rights as a United States Senator have been violated by the failure of the defendants to publish H.R. 10511 and H.R. 14225, both of which plaintiff voted in favor of, as

laws of the United States in violation of their nondiscretionary, statutory duties.

In contradiction to the contention that this controversy is now moot, plaintiff states that the subsequent passage and publication of laws, regardless of their similarity to those in question, has no bearing on the issue of whether the defendants have failed in their duties to publish the bills in issue here.

It is clear to the Court that the plaintiff is not merely asking for an advisory opinion, but that a clear controversy does indeed exist. As Judge Waddy stated at the district court level in *Kennedy v. Sampson*:

> . . . the complaint in this action clearly demonstrates that the requisite elements of a "case" or "controversy" are present within the meaning of Article III of the Constitution. Contrary to the suggestion in the defendants' Statement, plaintiff seeks no advisory opinion from this Court. Plaintiff sponsored, supported, and voted for S. 3418 in the Senate. The action of the President in disapproving S. 3418 and the injury to plaintiff caused by the refusal of the defendants to perform their ministerial, nondiscretionary duties in reliance upon that action provide exactly the sort of clear concreteness, precise framing of questions, adversary argument, conflicting and demanding interests, and necessity for decision that have always been regarded as meeting the Article III requirement for the exercise of Federal judicial power. (364 F.Supp. 1075, 1081, 1082 aff'd, 511 F.2d 430)

This same reasoning is applicable to the facts of the instant case. And the fact that Congress saw fit to enact subsequent legislation covering the same subject area as that of the bills in dispute does not serve to alter the fact that a clear controversy exists. To date the defendants have not published H.R. 10511 and H.R. 14225 as laws and it is their failure to perform this duty which is in contest here.

Also, this is not a case in which the relief requested has been obtained by the plaintiff, thus rendering the dispute moot. Here plaintiff requests a declaratory judgment that the bills became law in accordance with the provisions of the Constitution and seeks a mandatory injunction requiring the defendants to publish the bills as law. This relief has not been obtained and the case is not moot on this basis.

Based on the foregoing, it is the opinion of the Court that this case is not moot and that a justiciable controversy exists. It is, therefore, by the Court this 19th day of January, 1976,

ORDERED that the defendants' Motion of Dismiss in the above entitled matter be, and the same hereby is, denied.

### ORDER

The Court having considered the plaintiff's supplemental complaint and plaintiff's motion for summary judgment, and the entire file in this case; and the defendants having filed a statement of consent to entry of judgment with the Court on April 13, 1976, it appears to the Court that the plaintiff is entitled to entry of judgment.

It is therefore this 21st day of April, 1976,

ORDERED that plaintiff's motion for summary judgment be, and the same hereby is, granted; and it is

FURTHER ORDERED that judgment be entered for the plaintiff in the above entitled matter.